SCHLÜTER & COMPANY, SUCR., demandante y apelada, v. RAMÓN GONZÁLEZ NIEVES, demandado y apelante.

No. 4138.—*Visto:* Abril 21, 1927. *Resuelto:* Mayo 17, 1927.

1. SENTENCIA—EN REBELDÍA—APERTURA DE O DEJAR SIN EFECTO LA REBELDÍA—EXCUSAS PARA LA NO COMPARECENCIA—EXTRAVÍO DE LA CONTESTACIÓN.—Una

corte no está obligada a aceptar como buena excusa la de que la contestación de la demanda cuya falta de radicación dió lugar a la anotación de rebeldía, se extravió en el correo, cuando no se demuestra que se depositó en tiempo y debidamente. No basta el simple dicho consignado en una solicitud no jurada.

2. SENTENCIA—EN REBELDÍA—APERTURA DE O DEJAR SIN EFECTO LA REBELDÍA—DEFENSA BUENA O MERITORIA—EN GENERAL.—A los efectos de la apertura de rebeldía la afirmación del abogado de que se tiene una buena defensa, si bien a veces suele ser decisiva, no obliga a la corte, especialmente cuando ésta queda convencida de que tal defensa no existe por un somero examen de las alegaciones.

3. APELACIÓN Y ERROR—REVISIÓN—DISCRECIÓN DE LA CORTE INFERIOR—APERTURA O DEJAR SIN EFECTO LA REBELDÍA.—A menos que una corte abuse de su poder discrecional al negarse a abrir una rebeldía, procede confirmar su resolución.

RESOLUCIÓN de *Domingo Sepúlveda*, J. (San Juan), declarando sin lugar moción sobre apertura de rebeldía. *Confirmada.*

*José C. Rivera*, abogado del apelante; *E. Campos del Toro*, abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Schlüter & Co., Sucr. demandó a Ramón González Nieves en cobro de $2,960.00 procedente de abonos que el primero vendió al segundo.

El demandado no compareció en tiempo y el demandante solicitó y obtuvo que se anotara su rebeldía y se dictara sentencia en contra suya.

El demandado compareció entonces y pidió a la corte que abriera la rebeldía y le permitiera radicar una petición de traslado y una excepción previa, alegando que dichas moción y excepción fueron preparadas y notificadas en tiempo al abogado de la demandante en Caguas y fueron remitidas por correo a la Corte de Distrito de San Juan y se extraviaron bien en el correo, ya en la corte.

La petición de apertura no está jurada. Con ella se presentó un *affidavit* del abogado de la demandada expresando que había preparado nuevamente, para su radicación definitiva, la moción de traslado, el *affidavit* de méritos referente a dicha moción, la excepción previa y la petición

de apertura de rebeldía que se presentaba sin propósito de entorpecer ni dilatar ya que el demandado tenía "una buena y justa causa de defensa contra la demandante del título, porque la causa de acción que se ejercita no tiene el alcance y significación jurídica que parece tener de primera intención."

La parte demandante presentó dos *affidavits* tendentes a demostrar que el demandado no tenía una buena defensa pues había reconocido la certeza de la deuda reclamada.

La corte finalmente declaró sin lugar la apertura de la rebeldía y contra esa resolución fué que interpuso el demandado el presente recurso de apelación.

[1] Un solo error señala, a saber: el cometido a su juicio por la corte, al negarse a abrir la rebeldía.

¿Abusó de su discreción la corte?

Veámoslo a la luz de la propia jurisprudencia citada por el apelante en su alegato, a saber:

"Apertura de rebeldía.—Se hace siempre necesaria una declaración jurada que contenga las actuaciones, y alguna excusa. Supongamos que una persona deja que se le dicte sentencia en rebeldía, y desea luego que se abra el caso. Deben demostrarse a la corte tres cosas, a saber: 1. Alguna excusa por su negligencia en defenderse; cualquier excusa razonable será aceptada generalmente. El olvido, si de buena fe, es suficiente. 2.—Que la parte que hace la solicitud tiene una buena defensa; y ella debe estar dispuesta a hacer esta manifestación bajo juramento. 3.—Copia de la contestación o defensa que se propone aducir. Por lo tanto, deben incluirse estas tres cosas: alguna excusa buena, un *affidavit* de méritos y la alegación que se intenta aducir." Davis Lewis Cobb, "Notes on the Code", pág. 56.

¿Se presentó alguna excusa suficiente para la no comparecencia en tiempo?

Sostiene la parte apelante que envió por correo sus documentos y que se extraviaron y que ello constituye una excusa bastante.

Estamos conformes en que habiéndose admitido como se admitió por el abogado del demandante que fué notificado en tiempo de la moción de traslado y de la excepción que el demandado intentaba radicar, si se hubiera demostrado que dichos documentos se depositaron en tiempo y debidamente en el correo, ello hubiera podido estimarse como excusa bastante. Pero la parte demandada se limitó a consignar tal hecho en una solicitud no jurada y luego, teniendo la oportunidad para hacerlo, no reforzó su afirmación con prueba de clase alguna.

Bajo tales circunstancias no estaba la corte obligada a creer al demandado y a aceptar su excusa como buena.

[2] ¿Demostró la parte demandada que tenía una buena defensa?

Su abogado afirmó que la tenía. Esa afirmación es sin duda una circunstancia a considerar que a veces suele ser decisiva, pero que no obliga a la corte, especialmente cuando ésta queda convencida de que tal defensa no existe por un somero examen de la alegación presentada.

[3] La alegación que aquí se acompañó no fué la contestación que hubiera permitido a la corte de distrito y nos permitiría ahora a nosotros juzgar a primera vista de los meritos del caso. Fué una excepción de falta de hechos y la verdad es que la demanda es tan clara y completa, y corriente que no se necesita esfuerzo alguno para concluir que contiene hechos suficientes para determinar la causa de acción ejercitada.

No siendo posible concluir que la corte de distrito abusara de su poder discrecional al negarse a abrir la rebeldía, *debe declararse sin lugar el recurso y confirmarse* la sentencia apelada.

El Juez Asociado Sr. Hutchison está conforme con la sentencia.