Banco Territorial y Agrícola de Puerto Rico, demandante y apelado, *v.* Ramón y Gustavo Quiñones y Julián Dávila, demandados y apelantes.

No. 6132.—*Sometido:* Noviembre 7, 1932. *Resuelto:* Noviembre 15, 1932.

*C. Iriarte* y *F. Fernández Cuyar,* abogados de los apelantes; *R. Buscaglia,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

A una demanda contra cuatro personas fundada en un pagaré, demanda que aparentemente era del todo buena y así lo resolvió la corte inferior, uno de los demandados compareció y presentó excepción previa. Los otros tres demandados no comparecieron y se registró sentencia en rebeldía en su contra. Dichos tres demandados presentaron una moción para abrir la rebeldía, que la corte declaró sin lugar.

Se ha radicado una moción para desestimar por frívola la apelación incoada en este caso.

Los apelantes comparecieron a la vista y descan-

saron en un alegato ya radicado. La corte inferior dió varias razones para negarse a dejar sin efecto la rebeldía. Los apelantes sostienen principalmente que radicaron un *affidavit* de méritos en el cual se decía que habían expuesto el caso a su abogado y éste era de opinión que ellos tenían una buena defensa. No se demostró nada más.

Los apelantes igualmente citan jurisprudencia al efecto de que tal aseveración generalmente hace que una corte abra una rebeldía. No tenemos duda de esta proposición general.

Sin embargo, de los autos se desprende que originalmente todo lo que los demandados hicieron o trataron de hacer fué archivar una excepción general. La corte inferior basó en parte su decisión en el fundamento de que la excepción presentada o que se intentó presentar no podía favorecer a los demandados-apelantes. Ellos no convencieron a la corte inferior ni a este tribunal de que la excepción fuese buena. Por el contrario, sostienen que la excepción no es una defensa. Una excepción previa, si es interpuesta generalmente, puede ser una defensa completa en un caso.

La inadvertencia alegada consistió en el hecho de que el abogado tuvo la intención de archivar una excepción a nombre de los cuatro demandados, mas la interpuso nominalmente tan sólo en favor de uno de ellos.

Si bien de ordinario, conforme hemos indicado, una rebeldía debe ser abierta cuando el *affidavit* de méritos revela que las partes han relatado su defensa a su abogado y éste la considera buena, no obstante, creemos que en este caso algo más era necesario. Los demandados sólo acompañaron una excepción a su *affidavit* de méritos. En ningún momento indicaron a la corte cuál era la naturaleza de su verdadera defensa. Podría ser que el *affidavit* se refiriera a la excepción archivada con el mismo. Creemos que era el deber de los demandados, mediante una contestación jurada o en alguna otra forma, haber puesto a la corte en condiciones de tener una idea de la naturaleza de su defensa.

Si bien, según sostienen los apelantes, puede hacerse una

18

distinción en los hechos del caso de *Schlüter* v. *González,* 36 D.P.R. 767, éste es de suficiente aplicación.

*No hallamos abuso de discreción y la moción debe ser declarada con lugar.*